IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| | ‖ | |
| Plaintiff, | ‖ | CRIMINAL ACTION NO. |
| | ‖ | |
| v. | ‖ | No.  1:11-CR-368-01 |
| | ‖ | |
| WILBUR LATEK, | ‖ | |
| | ‖ | |
| Defendant. | ‖ | |

### SENTENCING MEMORANDUM OF WILBUR LATEK

COMES NOW, Defendant WILBUR LATEK, by and through his undersigned counsel of record, and respectfully asks this Honorable Court to impose a sentence of no more than 12 months and to consider the following prior to imposing sentence:

I.  **Guideline Calculations**

    a.  **Intended Loss**

The Presentence Report (PSR) assesses a sixteen level increase pursuant to § 2B1.1(b)(1)(I)  that is based on an erroneous calculation of intended loss for Latek's relevant conduct.  PSR at 72. The Government and Mr. Latek both agree that the appropriate loss attributable to Latek's involvement is under $1,000,000; therefore, the more accurate guideline calculation would be a fourteen level increase pursuant to §2B1.1(b)(1)(h) that is based on an intended loss figure of $942,382.04.  The erroneous PSR calculation was based on criminal conduct that was not attributable to the Mr. Latek.

b. **Minor Role Adjustment**

Mr. Latek was minor participant in the criminal activity and should receive a two-level minor role adjustment under § 3B1.2(b). Mr. Latek was involved in an intricate conspiracy that was orchestrated by Kelsey Hull, members of his family, and his associates. This conspiracy involved over two-dozen fraudulent transactions, various shell companies, and bank fraud using approximately 39 bank accounts. Mr. Latek was a participant in a minority of the transactions and in contrast to others, only had the role of submitting loan applications.

c. **Departure for Substantial Assistance**

Mr. Latek played a key part in assisting the government and case agents in uncovering and understanding the widespread mortgage fraud scheme that took place in this case. Mr. Latek cooperated with the authorities immediately after he was contacted by the government and communicated his knowledge of how the various mortgage schemes worked as well who was potentially involved in the schemes. Mr. Latek has continued to cooperate with the authorities and is open to any assistance that may be needed in future prosecutions.

The government has indicated that a § 5K1.1 motion for substantial assistance will filed with the court. Mr. Latek requests that the court accept this motion for substantial assistance and consider a reduction greater than what the government has suggested based on his level of cooperation.

II. **§ 3553(a) Factors**

Upon consideration of the factors outlined in 18 U.S.C. § 3553(a), Mr. Latek requests that the court impose a reasonable sentence of 12 months confinement. As explained below, such a sentence is sufficient to address all of the factors enumerated under §3553(a).

Mr. Latek originates from Philadelphia, Pennsylvania and has been living in the Atlanta area for the past 12 years. He is currently 45 years old and had never been arrested or charged with any type of criminal conduct until his arrest in this case. Mr. Latek had a blue collar upbringing and unfortunately never attended college and barely graduated high school. Prior to his occupation as mortgage broker, Mr. Latek owned several health clubs in the Philadelphia area. He frequently gave back to the community by actively participating in various outreach programs such as the Special Olympics. After working in the health club industry for over a decade, Mr. Latek changed his field and closed the doors to his clubs. In 2005, he began his career in the mortgage industry as a mortgage broker.

Mr. Latek's occupation as a mortgage broker gave him and his family needed financial security. He was a proud homeowner, had a respectable nest egg, and most importantly, was able to help his family with financial assistance. Mr. Latek focused on helping his parents who were both humble, blue-collar workers. Mr. Latek's father is a prison guard in Brevard County, Florida and his mother works part-time in the rectory of a catholic church. She is limited in her duties as she is diabetic, suffers from glaucoma, and has a debilitating condition known as fibromyalgia. After losing their single-wide trailer to a hurricane in 2006, Latek's parents turned to him for help which he was able to provide due to his moderate success in the mortgage industry.

In January of 2008, the housing market imploded and suddenly everything began crumbling. Mr. Latek scrambled to find and educate himself on new mortgage products in order to pay his bills, keep his home, and continue assisting his parents. Around this time, several investors approached him and requested that he assist them in using the reverse-refinance program to sell and divert capital from homes that they were in danger of losing. Although Latek

knew the scheme amounted to fraud, he went along with it so he could keep from losing his home, his savings, everything he had ever worked for in the last several years.  It was this poor decision on his part that has brought Latek before the Court.

The last two years have been extremely difficult for Mr. Latek to manage.  He has been suffering from depression due to his remorse for his role in the offense and has been significantly deterred from engaging in any criminal behavior whatsoever.  Mr. Latek is sincerely apologetic for his role in a scheme that has become a burden for many people and businesses to bear.

A sentence of 12 months confinement would adequately serve as a deterrent to the criminal conduct involved, promote respect for the law, and provide just punishment for the offenses committed by Mr. Latek.  Although this sentence is substantially a below-guideline sentence, this period of incarceration would be enough to promote justice in Mr. Latek's case.

Respectfully submitted this 21st day of February, 2012.

s/ Nathan Fitzpatrick

NATHAN E. FITZPATRICK
Georgia Bar No. 193119
Attorney for Mr. Wilbur Latek

3399 Peachtree Rd, NE, Suite 400
Atlanta, Georgia 30326
Telephone:  (678) 607 - 5550

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| | ‖ | |
| Plaintiff, | ‖ | CRIMINAL ACTION NO. |
| | ‖ | |
| v. | ‖ | No. 1:11-CR-368-01 |
| | ‖ | |
| WILBUR LATEK, | ‖ | |
| | ‖ | |
| Defendant. | ‖ | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing SENTENCING MEMORANDUM OF WILBUR LATEK using the CM/ECF system which will automatically send notice to all attorneys of record.

                                                       s/ Nathan Fitzpatrick

                                                       NATHAN E. FITZPATRICK
                                                       Georgia Bar No. 193119
                                                       Attorney for Mr. Wilbur Latek