**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                                                 Case No.   1:11-cr-368-JEC

**WILBUR HENRY "SONNY" LETAK**

                                                                         Defendant's Attorney
                                                                         **NATHAN FITZPATRICK**

---

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant pleaded guilty to Count(s) 1 of the Information.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 1343, §1344 and §1349 | Conspiracy to Commit Bank Fraud and Wire Fraud | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        XXX-XX-7302         Date of Imposition of Sentence: 2/23/2012
Defendant's Date of Birth:        1967
Defendant's Mailing Address:
Atlanta, GA

Signed this the 22nd day of MARCH, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THIRTY (30) MONTHS**.

The Court strongly urges the BOP **NOT** to send the defendant to the halfway house in Atlanta during the last 6 months of the defendant's sentence. Instead, the Court has ordered that the first 6-months of the defendant's supervised release shall be served on home confinement.

The Court makes this recommendation not out of any desire to provide leniency for the defendant, but out of its concern that placement of the defendant in the local halfway house will ultimately endanger the community.

Specifically, it has been the court's experience that, in the local halfway house, a fraud defendant is surrounded by other fraudsters or by other people that the defendant can readily recruit and manipulate into committing other fraud acts. Our district has experienced an upsurge in sophisticated and large-scale fraudulent activity committed by defendants who have met at the halfway house and who have there planned and implemented their future fraudulent schemes. Instead of decreasing criminal activity, placement of certain types of offenders there is increasing criminal activity.

This is not the fault of the halfway house, which can serve a valuable function for some types of offenders. It is a natural outcome arising from placing like-minded, determined fraud defendants in the same place with each other for an extended period of time. Over time, the halfway house has become the training ground for new fraudulent activity in Atlanta.

The Defendant shall surrender to the United States Marshal.


**RETURN**

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                      UNITED STATES MARSHAL

                                             By: _____
                                                             Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) Years.**

Defendant shall serve **180 days** home confinement. While on home confinement, the defendant/offender shall participate in the Location Monitoring Program for a period of 180 days and shall abide by all the technology requirements. The participant shall pay all or part of the cost of participation in the location monitoring program as directed by the probation officer. The type of location monitoring technology will be at the discretion of the probation officer, and shall be utilized to monitor the following restriction on the defendant/offender's movement in the community as well as other court-imposed conditions of release.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 USC § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

## SPECIAL CONDITIONS

Pursuant to 42 USC Section 14135a(d) and 10 USC Section 1565(d), which require mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall not own, possess or have under his control a firearm, dangerous weapon, or other destructive device as defined in 18 USC § 921.

The defendant shall make a full and complete disclosure of his finances and submit to an audit of his financial documents, at the request of the Probation Office.

The defendant shall not, for himself or others,  incur new credit charges, open additional lines of credit, obtain any loans, or assist or direct any person to do any of the above activities.

The defendant shall promptly inform the probation officer of any checks or payments issued to him by a state, federal, or local government.

The defendant shall submit to a search of his person, property (real or personal, or rental), residence, office, and/or vehicle(s), at a reasonable time and in reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

If deemed necessary by the Probation Office, the defendant shall participate in a drug/alcohol treatment program under the guidance and supervision of the United States Probation Officer and if able, contribute to the cost of services for such treatment.

If deemed necessary by the Probation Office, the defendant shall participate in a mental health treatment program under the guidance and supervision of the U.S. Probation Officer and if able, contribute to the cost

of services for such treatment.

While under supervision, the defendant is prohibited from working as an employee, consultant, independent contractor or in any other capacity in the real estate, brokerage, mortgage, banking, or lending industries.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## RESTITUTION

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.  The restitution shall be paid in full immediately.  The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the **monthly rate** of at least **$250.00, plus 25% of gross income over $2,300 per month.**

The defendant shall make restitution of **$255,962.30** as follows:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| **HUD**<br>Director, Reports and Control Division, 6AF<br>CFO Accounting Center<br>P.O. Box 901013<br>Ft. Worth, TX 76101-2013 | **$243,012.30** |
| **FAF Inc.**<br>Frances "Frank" Anthony Forelli<br>115 Minnesota Ave<br>Long Beach, NY 11561 | **$12,950.00** (and Gia Harris owes $12,950.00 in Case No. 1:10-cr-82, for a total of $25,900.00) |